James *v.* Wingo.

E. H. James and Wife *et al.* *v.* J. F. Wingo *et al.*

1. Executor.   *Liability for neglect in prosecution of suit.*   Executors are not required to do more than employ honest and capable attorneys, and having done this they are protected in pursuing their advice and trusting to their skill and capacity in attending to the suit.

2. Same.   Where a suit was brought eight months after the qualification of the executor, and the defendants become insolvent before final judgment, *held,* no laches.

3. *Question reserved.*   Whether executors are liable in a case showing inattention or negligence of their attorneys, and loss resulting therefrom to the estate.

FROM CARROLL.

Appeal from the Chancery Court at Huntington. Jno. Somers, Ch.

S. W. HAWKINS for complainants.

HAWKINS and TOWNES for defendants.

TURNEY, J., delivered the opinion of the court.

The bill seeks an account against the defendants, executors of S. E. Williamson, and their securities. In the report they are charged with debts due from Marshall and Wyatt to the amount of about $1,400, besides interest. This item was excepted to, and the exception disallowed.

The record shows that upon the notes evidencing this indebtedness suit was brought in May, 1871, and the cause continued until November, 1874, when a trial was had and judgment for $1,439.45. To the declaration there were six pleas to the merits, and there is nothing tending to show a want of activity on the part of the executors in pressing the claim to judgment. The defendants prayed an appeal to the supreme court. The order granting the appeal concludes as follows: "To all which the defendants except, and pray an appeal to the next term of the supreme court, to be holden at Jackson on the first Monday in April next, which is granted upon condition the defendants enter into bond as required by law, which is done."

It does not appear that an appeal bond was in fact executed. After the adjournment of the circuit court an insufficient appeal bond was made and filed. At the term of this court to which the appeal was attempted to be taken, on motion of the executors

through their attorneys, the appeal was dismissed for
want of a sufficient appeal bond.    The executors were
represented in the circuit court and here by compe-
tent attorneys.

It is insisted that the decree of the chancellor
should be sustained as to this item, because the ex-
ecutors did not see that a good bond was executed;
that their neglect to do so was laches, through which
the debt was lost by the subsequent insolvency of the
debtors, and therefore the executors must make good
the loss.

By the institution and prosecution of the suit, the
representatives were taking the most effective steps for
the recovery of the debt.    If, because of the crowded
state of the docket and because of the incompetency
of the judge to try the cause, delay resulted and
three years were required to place the case in posi-
tion for trial, it was no fault of theirs.    It was
their duty, when they learned that the debts were to
be resisted, to employ counsel and pursue their ad-
vice.    When the case went to the records of the
court, its management was necessarily committed to
the control and conduct of their legal advisers.    They
were not required to do more than employ honest,
attentive and capable attorneys, and having done this
they are protected in pursuing their advice and trust-
ing to their skill and capacity in attending to the
suit.    Ordinarily, the client may reasonably rely upon
his counsel to see that a proper appeal bond is exe-
cuted.    It is the duty of the attorney to see that
the interests of his client are guarded and protected

at every step taken in the cause, and it is a part of that duty to see to the sufficiency of all bonds that may be required in the progress of the litigation. The lawyer is employed because of his legal skill and ability; he is presumed to know whether a bond is in form and amount such as the law requires. The client is presumed to rest and rely upon the advice and action of the attorney representing him. Besides, as we have seen the appeal was granted by the court in the absence of a bond, the defendants here could not disregard that action and have execution notwithstanding. It appears that in all things the executors acted upon the suggestions and advice of counsel, and are therefore protected.

It is insisted the suit was instituted so late as to make the executor's liable. At the commencement of the suit, for a long time before and for several years afterwards, the debtors were amply solvent and remained solvent until the spring of 1875. The suit was brought in eight months after qualification of the executors. Under the circumstances we think there was no laches in the delay. For that length of time it might have reasonably been presumed that parties of the ability of the makers of the notes would pay without suit.

Soon after the dismissal in the supreme court and in due time execution issued, and was returned *nulla bona.* In the opinion of able counsel, nothing could be done until the case was disposed of by the supreme court. We think this opinion was correct—that up to that time the circuit court could not and would

not have awarded execution. There is no conduct shown for which the defendants in this case are to be held accountable for the loss of this debt. We intimate no opinion as to the liability of the executors in a case showing inattention or negligence of their attorneys, and loss resulting therefrom to the estate.

At the term of this court to which the present case was appealed, a motion was made to dismiss the appeal for insufficiency of the bond. The order to dismiss was granted, unless a sufficient bond was executed within ninety days. One of the defendants, J. F. Fuqua, alone complied with the order, and the case is before us as to him only. As to the others, the decree will not be disturbed.

We think other objections to the decree are not well taken.

The decree will be reformed as indicated, and the cause remanded.